## BECKER v FULTON

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14139. Decided Dec 2, 1935

Leanza & Musca, Cleveland, for appellant. John Bricker, Columbus, and M. P. Mooney, Cleveland, for appellee.

## OPINION

By TERRELL, J.

It is our conclusion from the facts in this case, that when the bank undertook to buy stock for Mr. Becker and took his money for that purpose, the bank thereupon became trustee of that fund to be used for the express and special purpose designated by Mr. Becker; that when the bank deposited this money in its own bank in the account of The Standard Corporation without the authority of Mr. Becker it was still a trustee of said fund for Mr. Becker and should be required to account to him therefor; that when the Superintendent applied Mr. Becker's money in the

account of The Standard Corporation to the debt of said corporation, he violated the trust relationship of Mr. Becker with the bank. This money, $892.87, should have been set off and paid to Becker.

Counsel for the Superintendent of Banks contends that by its charter the bank had no power to act as agent for depositors in the purchase of stocks, and that when Pucel, the manager of the bank, undertook to perform this service for Becker he could not be acting as agent for the bank and must have been acting as agent for Becker. The evidence does not warrant this conclusion. It is untenable in law. Pucel says the stock in question was ordered by him through the main office of the bank.

Granting that the bank had no power under its charter to contract to perform this service for a customer it is a fact that the customer gave the bank $892.87 for this specific purpose. The bank through its manager took the money. If the bank could not lawfully perform this service, what is its relation with the customer? The law would clearly require the bank to return this money upon demand. In the meantime the bank would hold the money as trustee. When the bank undertook to perform this service, which it had no power to do, under its charter, it still would bear the relationship of trustee until the service was performed or the money accounted for and returned. It ill becomes the bank to say that it had no authority under its charter to perform this service for Becker but that it had authority to keep his money. Such a position is contrary to the principles of equity. The Standard Trust Bank having undertaken this agency will, in equity, be estopped from denying its right and authority to act as such agent.

Mr. Becker was clearly justified in assuming that he was dealing with the bank and not with Pucel personally. The evidence clearly shows that the bank gave this service to its customers. The securities company, The Standard Corporation was organized by the officials of the bank and was so closely intermingled with the bank that a customer could see no distinction. Not a word of testimony shows that Pucel disclosed to Becker that he would turn his money over to The Standard Corporation. There is no justification then in relegating Becker to a claim against The Standard Corporation.

When a party deals with the manager of the bank, in the absence of information to the contrary, he has a right to assume that he is dealing with the bank and not with an undisclosed party. **Burke v Jenkins, 128 Oh St, page 86.**

Becker dealt with the bank. His instructions were given to The Standard Trust Bank. He had a right to rely upon the fact that he was dealing with The Standard Trust Bank and not with The Standard Corporation. If the bank without the knowledge of Becker, saw fit to employ an instrumentality of its own creation in order to effect the instructions of Becker, it did so at its own risk and not at the risk of Becker. He cannot equitably and justly be charged with the acts of The Standard Corporation when he at no time established any relations with said corporation.

This is a court of equity and requires one to look to the substance and not to the form. We reach the conclusion that while in form The Standard Trust Bank and The Standard Corporation are two separate entities, yet in substance they were one and the same. The relationship of principal and agent was unqualifiedly established between Becker and the Bank. It was also a trust relationship and was personal in character. He was willing to entrust the Standard Trust Bank with the task of purchasing certain stocks for him. He at no time consented that the Standard Corporaton should act as his agent. By no implication of law can a contractual relationship be forced between Becker and The Standard Corporation under the evidence in this case.

Holding the views herein expressed, we conclude that Mr. Becker is entitled to be a preferred claimant, and that the trial court was in error in not granting the relief he prayed for.

LEVINE, J, concurs in the judgment.
LIEGHLEY, PJ, dissents.